## SHERIFF.

LYON & BROCKWAY *v.* RICHMOND, TALLMADGE and others, 14 J. R. 501.

In Chancery, 2 J. C. R. 51.

*Sheriff ; Chancery Jurisdiction ; Pleading ; Practice.*

BILL by Lyon & Brockway to set aside an assignment and release.

Tallmadge and others, plaintiffs in a suit against Richmond, a sheriff, (see 9 J. R. 85,) obtained a judgment against him for an escape by B. from the liberties of the gaol. R. then obtained a judgment against L. and E. the sureties of B. for the liberties. Whereupon L., one of the sureties, prosecuted a writ of error in the name of the sheriff to reverse the judgment against him : during the pendency of the writ of error, the sheriff assigned the judgment he had obtained against the sureties to T. and others, the plaintiffs in the first suit. The assent of L. was procured to the assignment by threats of selling his real estate, and representations calculated to alarm his fears. After the assignment of the judgment against the sureties, the sheriff was prevailed upon to execute a release of errors in the judgment against himself, so as to defeat the writ of error L. was prosecuting. The surety, L., then filed a bill in Chancery to set aside the assignment and release ; and to be permitted to prosecute his writ of error in the name of the sheriff, the Court of Errors in the mean time, having decided in another

case, that the sheriff was not originally liable for such an escape as that for which that suit was brought.*

The defendants answered the bill, and upon the hearing,

The Chancellor, (Kent,) held, that the complainant was not entitled to relief in Chancery under these circumstances —that where parties have made agreements and arrangements with a full knowledge of the facts of their case, Chancery does not undertake to relieve them from their acts and deeds fairly and deliberately done, though under a mistake or ignorance of the law. That, therefore, the subsequent decision of the highest court, giving a different exposition of a point of law from that declared and known to the parties at the time the arrangement took place between them, could have no effect upon the settlement made by them, but that it remained entirely valid. The bill was accordingly *dismissed with costs.* But on appeal from this decree,

The Court of Errors *reversed* it, upon the grounds, 1. That the assent of the complainant, the surety, was obtained by taking undue advantage of his situation and necessities, and therefore it was no obstacle to the relief sought: 2. That, admitting his assent to have been duly obtained, yet, as it did not appear that he assented to the release of errors, the assignment could not affect his right to bring a writ of error, nor was his right affected by the release; for the sureties to a sheriff have a perfect right to use his name in prosecuting a writ of error, a recovery against the sheriff being in effect a recovery against them. 3. The court held, that where an unconscientious advantage has been taken of the situation of a party, although the circumstances do not amount to fraud, in contemplation of law, yet a court of Chancery may relieve.

It was also held, that the plea in bar of a former decree upon the same matters, (see 1 J. C. R. 184, *Lyon* v. *Tallmadge,*) must state so much of the bill and answer as to show that the same point was in issue in the former suit; and it seems to be also held, that even if it had related to

---

* See under title of "Escape," the cases of *Jansen* and *Hilton*, and *Barry* v. *Mandell*, 10 J. R. 549; id. 563.

the same and not, as it was held, to a distinct and independent matter—yet, that to be a complete defence as a bar, it must be pleaded or relied on in the answer as a bar; it is not enough to produce and read it at the hearing.

The court also held in this case, that where two defendants answer separately to a bill, and one refers to and adopts the answer of the other as his own, and a replication is filed to the answer of the latter, but not to that referring to and adopting it, and proofs are taken in the cause, that this is not an admission of the truth of the answer of the party adopting the answer of his co-defendant.

In this case Spencer, J., delivering the opinion of the court, says also: "This court is bound to decide upon the justice and law of the case, and not merely upon the points raised by counsel."

Decree <em>reversed</em> accordingly.